**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Kevin King

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5488
kking@cov.com

**By CM/ECF**                                                                 October 3, 2024

Patricia S. Dodszuweit
Clerk
U.S. Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

> Re:  Proposed Oral Argument Format for Nos. 24-1819, 24-1820, and 24-1821

Dear Ms. Dodszuweit:

I write on behalf of the Appellants in *AstraZeneca Pharmaceuticals LP v. Becerra et al.*, No. 24-1819, *Bristol Myers Squibb Co. v. Becerra et al.*, No. 24-1820, and *Janssen Pharmaceuticals, Inc. v. Becerra et al.*, No. 24-1821.  Per the Court's order dated August 30, 2024, these cases are tentatively listed for consideration on the merits on October 28, 2024.

Appellants submit that oral argument is warranted given the nature of these cases, which involve constitutional challenges to the Inflation Reduction Act's "Drug Price Negotiation Program" and related statutory challenges to implementation of that Program.  If the Court elects to hear oral argument, Appellants further submit that it would benefit the Court and the parties to adopt an argument format that accounts for the overlapping claims and defenses presented by the parties.

To that end, Appellants propose the following argument format for the Court's consideration.  Appellants are authorized to state that Appellees consent to this proposal.

- The Court would first hear argument in the *Bristol Myers Squibb* and *Janssen* cases, which would be argued together as a unit.

- One Appellant-side attorney would argue the Fifth Amendment takings claims for both cases (including the unconstitutional conditions arguments relating to those claims), followed by Appellees' response, and then rebuttal.

- Next, one Appellant-side attorney would argue the First Amendment claims for both cases (including the unconstitutional conditions arguments relating to those claims), followed by Appellees' response, and then rebuttal.

- The Court would then hear the *AstraZeneca* argument.

Finally, Appellants propose that the Court adopt separate time allocations for each segment of the argument — i.e., (1) the combined *Bristol Myers Squibb*/*Janssen* Fifth Amendment argument, (2) the combined *Bristol Myers Squibb*/*Janssen* First Amendment argument, and (3) the *AstraZeneca* argument.

Taking this approach would ensure an orderly presentation of the issues, including by avoiding repetitious argument on the similar First and Fifth Amendment claims presented in *Bristol Myers Squibb* and *Janssen*. Hearing those cases together also makes sense because Appellees filed a single consolidated brief in *Bristol Myers Squibb* and *Janssen*, as authorized by the Court's May 6, 2024 order. *See* No. 24-1820, ECF No. 4. Finally, because two of the three claims presented in *AstraZeneca* concern implementation of the Program, in addition to threshold questions about the Program's constitutionality, there is good cause to hear the *AstraZeneca* case after the other two cases.

Respectfully submitted,

*/s/ Kevin King*

Kevin King

*Counsel for Appellant Janssen Pharmaceuticals, Inc.*

cc: counsel of record